**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TENNESSEE**
**KNOXVILLE DIVISION**

| | | |
|---|---|---|
| **RIVERPORT INSURANCE** | : | |
| **COMPANY** | : | |
| 11201 Douglas Avenue | : | |
| Urbandale, Iowa 50322-3707 | : | |
| | : | CIVIL ACTION NO. _____ |
| Plaintiff, | : | |
| | : | |
| -vs- | : | |
| | : | |
| **COUNTRYWIDE PAYROLL & HR** | : | |
| **SOLUTIONS INC.** | : | |
| 135 Fox Road | : | |
| Suite F | : | |
| Knoxville, Tennessee 37922 | : | |
| | : | |
| Serve: | : | |
| Zachary Collier | : | |
| Service Agent | : | |
| 135 Fox Road | : | |
| Suite F | : | |
| Knoxville, Tennessee 37922 | : | |
| | : | |
| | : | |
| And | : | |
| | : | |
| **WORLDWIDE STAFFING** | : | |
| **RESOURCES, INC.** | : | |
| 135 Fox Road | : | |
| Suite F | : | |
| Knoxville, Tennessee 37922 | : | |
| | : | |
| Serve: | : | |
| Jill Thomas | : | |
| Service Agent | : | |
| 135 Fox Road | : | |
| Suite F | : | |
| Knoxville, Tennessee 37922 | : | |
| | : | |
| And | : | |
| | : | |

1

**COUNTRYWIDE HOLDINGS, INC.**          :
135 Fox Road                            :
Suite F                                 :
Knoxville, Tennessee 37922              :
                                        :
Serve:                                  :
Jill Thomas                             :
Service Agent                           :
135 Fox Road                            :
Suite F                                 :
Knoxville, Tennessee 37922              :
                                        :
And                                     :
                                        :
**COUNTRYWIDE PEO, INC.**               :
135 Fox Road                            :
Suite F                                 :
Knoxville, Tennessee 37922              :
                                        :
Serve:                                  :
Jill Thomas                             :
Service Agent                           :
135 Fox Road                            :
Suite F                                 :
Knoxville, Tennessee 37922              :
                                        :
And                                     :
                                        :
**COUNTRYWIDE INSURANCE**               :
**SOLUTIONS, INC.**                     :
135 Fox Road                            :
Suite F                                 :
Knoxville, Tennessee 37922              :
                                        :
Serve:                                  :
Jill Thomas                             :
Service Agent                           :
135 Fox Road                            :
Suite F                                 :
Knoxville, Tennessee 37922              :
                                        :
And                                     :
                                        :

**COUNTRYWIDE FUNDING AND**    :
**MERCHANT PROCESSING, INC.**    :
135 Fox Road    :
Suite F    :
Knoxville, Tennessee 37922    :
    :
Serve:    :
Jill Thomas    :
Service Agent    :
135 Fox Road    :
Suite F    :
Knoxville, Tennessee 37922    :
    :
And    :
    :
**WORLDWIDE EMPLOYMENT**    :
**SERVICES, INC.**    :
135 Fox Road    :
Suite F    :
Knoxville, Tennessee 37922    :
    :
Serve:    :
Aimee Ferguson    :
Service Agent    :
135 Fox Road    :
Suite F    :
Knoxville, Tennessee 37922    :
    :
And    :
    :
**WORLDWIDE HR OUTSOURCING,**    :
**LLC,**    :
135 Fox Road    :
Suite F    :
Knoxville, Tennessee 37922    :
    :
Serve:    :
Ben Kupec    :
Service Agent    :
135 Fox Road    :
Suite F    :
Knoxville, Tennessee 37922    :
    :
    :
        Defendants.    :

**COMPLAINT**

Plaintiff, Riverport Insurance Company ("Riverport"), brings this action for declaratory relief against Defendants Countrywide Payroll & HR Solutions, Inc., WorldWide Staffing Resources Inc., CountryWide Holdings Inc., CountryWide PEO Inc., CountryWide Insurance Solutions Inc., CountryWide Funding and Merchant Processing Inc., WorldWide Employment Services Inc. and WorldWide HR Outsourcing LLC (collectively the "Defendants"), and states as follows:

**PARTIES, JURISDICTION AND VENUE**

1.      This is a diversity action for a) declaratory relief pursuant to 28 U.S.C. § 2201 to declare the rights and other legal relations of the parties regarding policies of workers compensation insurance issued to Defendants by Riverport, b) breach of contract and c) rescission.

2.      Riverport is a corporation organized and existing under the laws of the State of Iowa with its principal place of business located at 11201 Douglas Avenue, Urbandale, Iowa 50322-3707. Riverport is an indirect wholly owned subsidiary of W.R. Berkley Corporation.

3.      Upon information and belief, Countrywide Payroll & HR Solutions, Inc. is a Florida corporation with its principal place of business located at 135 Fox Road, Suite F, Knoxville, Tennessee 37922.

4.      Upon information and belief, WorldWide Staffing Resources Inc. is a Tennessee corporation with its principal place of business located at 135 Fox Road, Suite F, Knoxville, Tennessee 37922.

5.	Upon information and belief, CountryWide Holdings Inc. is a Tennessee corporation with its principal place of business located at 135 Fox Road, Suite F, Knoxville, Tennessee 37922.

6.	Upon information and belief, Countrywide PEO Inc. is a Tennessee corporation with its principal place of business located at 135 Fox Road, Suite F, Knoxville, Tennessee 37922.

7.	Upon information and belief, CountryWide Insurance Solutions Inc. is a Tennessee corporation with its principal place of business located at 135 Fox Road, Suite F, Knoxville, Tennessee 37922.

8.	Upon information and belief, CountryWide Funding and Merchant Processing Inc. is a Tennessee corporation with its principal place of business located at 135 Fox Road, Suite F, Knoxville, Tennessee 37922.

9.	Upon information and belief, WorldWide Employment Services Inc. is a Tennessee corporation with its principal place of business located at 135 Fox Road, Suite F, Knoxville, Tennessee 37922.

10.	Upon information and belief, WorldWide HR Outsourcing LLC is a Tennessee limited liability company with its principal place of business located at 135 Fox Road, Suite F, Knoxville, Tennessee 37922.

11.	Upon information and belief, Defendants are related to one another through common management and/or ownership.

12.     This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332(a).  There is complete diversity of citizenship between Riverport and Defendants.  The amount in controversy exceeds $75,000, exclusive of interest and costs.

13.     This Court has personal jurisdiction over Defendants and venue is proper in this District under 28 U.S.C. § 1391.

## FACTUAL ALLEGATIONS

14.     Riverport incorporates by reference as if fully rewritten herein the allegations of paragraphs 1 through 13 above.

15.     Riverport and Defendants are parties having an asserted interest in workers compensation insurance policies referenced herein and an actual controversy exists between the parties with respect to said insurance policies.

16.     Riverport was selected to act as a "Residual Market Servicing Carrier" by various state residual market mechanisms also known as workers compensation assigned risk pools ("Assigned Risk Plans") and in that capacity Riverport issues workers compensation assigned risk policies to employers that cannot procure workers compensation insurance from the marketplace of voluntary insurance carriers.  Relevant to this lawsuit, Riverport is a Residual Market Servicing Carrier in the states of Tennessee, Arkansas, Iowa and Indiana.

17.     Workers compensation Assigned Risk Plans are created by state statute and the administration of each state Assigned Risk Plan, including the creation of underwriting rules, is in furtherance of the underlying enabling legislation.  The enabling statute for each applicable

residual market mechanisms is T.C.A. §56-5-314(c)(1) in Tennessee, A.C.A. §23-67-303 in Arkansas, I.C.A. §515A.15 in Iowa, and I.C. §27-7-2-28.1 in Indiana.

18.     Policy issuance and claims services for all Assigned Risk Plan policies issued by Riverport are administered by Berkley Risk Administrators Company, LLC d/b/a Berkley Assigned Risk Services ("Berkley Risk").  Berkley Risk is an indirect wholly owned subsidiary of W.R. Berkley Corporation.

19.     The Tennessee, Arkansas, Iowa, and Indiana Assigned Risk Plans develop, publish and utilize rules (the "WCIP Rules") that govern the administration of each state's Assigned Risk Plan, as well as dictate what coverage is available under particular types of workers compensation policies, including policies covering leased and temporary workers.  (A true and accurate copy of the pertinent portions of the WCIP rules in effect for Tennessee at relevant times is attached hereto as Exhibit A, and a true and accurate copy of the pertinent portions of the WCIP rules in effect for Arkansas, Iowa and Indiana at relevant times is attached hereto as Exhibit B).

20.     Upon submission of an insurance application from Countrywide Payroll & HR Solutions Inc., Riverport issued Policy No. WC-41-92-029353-01, with a policy period from December 23, 2014 to December 23, 2015, to Countrywide Payroll & HR Solutions, Inc. at its principal place of business located at 135 Fox Road, Suite F, Knoxville, Tennessee 37922.  This Assigned Risk policy was written in accordance the Tennessee WCIP, which is governed by the terms, conditions and rules of the WCIP Rules.

21.     Worldwide Staffing Resources, Inc., CountryWide Holdings Inc., CountryWide PEO, Inc., CountryWide Insurance Solutions Inc., CountryWide Funding and Merchant Processing

Inc., WorldWide Employment Services Inc. and WorldWide HR Outsourcing LLC are each located in Tennessee and have been added as insureds to Policy No. WC-41-92-029353-01.

22.     Upon submission of an insurance application from Countrywide Payroll & HR Solutions Inc., Riverport issued Policy No. WC-03-86-009244-01, with a policy period from December 30, 2014 to December 30, 2015, to Countrywide Payroll & HR Solutions, Inc. at its principal place of business located at 135 Fox Road, Suite F, Knoxville, Tennessee 37922.  This Assigned Risk policy was written in accordance the Arkansas WCIP, which is also governed by the terms, conditions and rules of the WCIP Rules.

23.     Upon submission of an insurance application from Countrywide Payroll & HR Solutions Inc., Riverport issued Policy No. WC-14-89-004436-01, with a policy period from January 17, 2015 to January 17, 2016, to Countrywide Payroll & HR Solutions, Inc. at its principal place of business located at 135 Fox Road, Suite F, Knoxville, Tennessee 37922.  This Assigned Risk policy was written in accordance the Iowa WCIP, which is also governed by the terms, conditions and rules of the WCIP Rules.

24.     Upon submission of an insurance application from Countrywide Payroll & HR Solutions Inc., Riverport issued Policy No. WC-13-88-007532-01, with a policy period from January 15, 2015 to January 16, 2016, to Countrywide Payroll & HR Solutions, Inc. at its principal place of business located at 135 Fox Road, Suite F, Knoxville, Tennessee 37922.  This Assigned Risk policy was written in accordance the Indiana WCIP, which is also governed by the terms, conditions and rules of WCIP Rules.

25.     The Workers Compensation policies referenced in paragraphs 20 through 24 above are collectively referred to hereafter as the "Policies."  Copies of the Policies are not attached hereto because they are voluminous and are in the possession of Defendants.

26.     The definition of "Professional Employer Organization" ("PEO") is found in the WCIP Rules, Rule 4, Workers Compensation Insurance Plan Rules, Section B., Professional Employer Organization (PEO) Arrangements, paragraph j, and reads as follows:

**j.      Professional Employer Organization (PEO)**

An entity or group of entities who are or were formerly related by common management or ownership that provides workers to its client(s) through a PEO arrangement for a fee pursuant to an agreement, written or otherwise. Without limitation a PEO may also be referred to as a labor contractor, employee leasing company, lessor, or other similarly administered arrangement.

If an entity provides workers, by contract and for a fee, to a client and any such workers are not provided on a temporary basis as defined in NCCI's ***Basic Manual*** Rule 4-B-1-m, that entity will be considered a PEO.[1]

27.     The definition of "temporary basis" as found in Rule 4-B-1-m of WCIP Rules, and it provides as follows:

**m.      Temporary Arrangement**

An arrangement whereby an organization hires its own employees and such workers are provided to work for a client on a temporary basis. A temporary basis is considered to exist when there is a written contract or agreement that states the finite period of time the service will be provided and/or the service is provided under one or more of the following work situations, including but not limited to:

- Replace an absent worker who will return, such as during an authorized leave of absence, vacation, jury duty, or illness
- Fill a short-term or temporary professional skill shortage
- Staff a seasonal workload

---

[1] See Exhibit B., p. 3; See also Exhibit A., p. 70 with respect to Employee Leasing Arrangements.

- Staff a special assignment or project where the worker will be terminated or assigned to another temporary project upon completion
- Satisfy the requirements of the employer's overall employment program, such as a probationary period before new workers are granted permanent employee status[2]

28.　　The definition of a "Professional Employer Organization (PEO) Arrangement" is found in Rule 4-B-1-k of the WCIP Rules, and it provides as follows:

### k.　　Professional Employer Organization (PEO) Arrangement

An arrangement under contract or agreement, written or otherwise, whereby one entity obtains or leases any or all of its workers from another entity. PEO arrangements include, but are not limited to:

- Full service PEO arrangements
- Long-term temporary arrangements
- Any other arrangement that involves the allocation of employment responsibilities among two or more entities (i.e., co-employment relationship)
- An arrangement whereby a PEO contractually agrees to perform specified employer responsibilities as to leased workers, including the securing of workers compensation insurance
- Any arrangement whereby one entity pays wages for workers on behalf of another entity for a fee including, but not limited to:

  - A relationship in which the contract, or other agreement with a client requires that the entity (i.e. Administrative Services Organization (ASO) or other similarly established entity) obtains the workers compensation coverage and
  - Completes the withholding and reporting of payroll related taxes for the leased workers (i.e. W-2 forms)[3]

29.　　The definition of a "Leased Worker" is found in Rule 4-B-1-f of the WCIP Rules, and it provides as follows:

---

[2] See Exhibit B., pp. 3-4; See also Exhibit A., p. 70 with respect to Temporary Help Service.

[3] See Exhibit B., p. 3; See also Exhibit A., p. 70 with respect to Employee Leasing Arrangements.

### f.      Leased Worker

An employee performing services for a client under a PEO arrangement.  The term "leased worker" does not include a person working on a temporary basis as defined in Rule 4-B-1-m.

If an employee was previously employed by the client prior to working for that PEO, it must be presumed that the employee is a leased worker and not a temporary worker.[4]

30.      Defendants' contracts with their clients do not specify a finite period of time for services to be provided, nor do they state that the workers are being provided for work situations set forth in Rule 4-B-1-m of WCIP Rules.

31.      Defendants meet the WCIP Rules' definition of PEO, as set forth in Rules 4-B-1-j and k., by operating employee leasing businesses as contract labor service entities under PEO Arrangements, including providing leased workers on a non-temporary basis and obtaining workers compensation coverage and handling the withholding and reporting of payroll related taxes.[5]

32.      Pursuant to the WCIP Rules, a Multiple Coordinated Policy ("MCP") is a form of policy issuance that must be used to provide workers compensation and employers liability insurance for the leased workers of a PEO.  Pursuant to WCIP Rule 4-B-1-h, policy issuance must be as follows:

### h.      Multiple Coordinated Policies (MCP) Basis

A form of policy issuance used to provide workers compensation and employers liability insurance for the leased workers of a PEO.  Under the MCP basis, policy issuance must be as follows:

---

[4] See Exhibit B., p. 2; See also Exhibit A., p. 70 with respect to Leased Worker, Employee Leasing Arrangements.
[5] See also Exhibit A, p. 70.  Defendants meet the definition of a Labor Contractor engaged in Employee Leasing Arrangements.

- The PEO has its own standard policy covering only its direct workers
- Each client has its own standard policy covering its leased workers
- Endorsements are used to coordinate coverage between the client and PEO in accordance with Rule 4-B-4-g.[6]

33.     The WCIP Rules further provide in Rule 4-B-2 as follows:

**2.      Coverage**

a.     Statutory workers compensation coverage for leased workers under the WCIP must be secured on a MCP basis.

b.     All of the PEO's leased workers to clients under the approved state's WCIP must be secured on a MCP basis.

c.     For additional coverages, which may be available upon request by the employer, refer to the WCIP Supplement—Additional Coverages under the WCIP.

d.     If an employer operates a PEO and a separate temporary arrangement, a separate policy of workers compensation insurance is required and must be maintained for each type of business in that state. If the payroll records do not specify which workers are provided on a temporary basis, all workers are deemed to be leased workers and will be included under the MCP. The Plan Administrator will assign both the PEO and the separate temporary arrangement to the same assigned carrier for issuance of the separate policies, where practicable.

e.     Only one PEO can be written on a single MCP policy, even if combinable with other PEO's in accordance with NCCI's *Experience Rating Plan Manual for Workers Compensation and Employers Liability Insurance*.[7]

34.     The WCIP Rules further provide in Rule 4-B-4-b with respect to MCP Policies as follows:

**b.      Policy Issuance**

(1)     Each client will have its own standard policy covering its leased workers pursuant to the workers compensation laws of the state and in accordance with the WCIP.

---

[6] See Exhibit B., p. 2; See also Exhibit A., pp. 70-71 with respect to Multiple Coordinated Policies, Employee Leasing Arrangements.

[7] See Exhibit B., p. 4; See also Exhibit A., pp. 71-72 with respect to Coverage.

(a) The client's policy covering its leased workers will be issued in the name and FEIN of the client in accordance with this rule and all other rules governing the issuance of a standard policy for assigned risk business.

(b) Direct workers of a client will not be included on the client's policy for its leased workers, unless otherwise required by state law or regulation.

(c) If a client leases workers from more than one PEO, there must be a separate MCP policy for the leased workers of each PEO.

(2) Each PEO must have its own standard policy covering the direct workers of the PEO.

(a) A policy issued to cover the direct workers of the PEO under a MCP basis will be issued in the name and FEIN of the PEO in accordance with this rule and all other rules governing the issuance of a standard policy for assigned risk business under the WCIP.

(b) If the PEO has no direct workers in the state where its clients' coverage is being obtained, the PEO's policy will be issued with premium based on the use of Code 8810— Clerical Office Employees NOC on an "if any" basis.

(c) All policies of any PEO related by common management or ownership must be assigned to one assigned carrier in the state, where practicable.

(d) All policies for clients of the same PEO will be assigned to one assigned carrier in the state, where practicable.

(e) The assigned carrier will arrange to have the same renewal/nonrenewal dates for all policies in a MCP arrangement, including any new client exposure added midterm to the PEO's MCP.

\*\*\*

(3) Appropriate endorsements will be used to restrict the coverage to named leased workers and to manage coverage between all clients and PEO(s).[8]

---

[8] See Exhibit B., p. 6; See also Exhibit A., pp. 73-74 with respect to Multiple Coordinated Policies and Policy Issuance.

35.     The WCIP Rules further provide in Rule 4-B-3 as follows with respect to premiums for leased workers:

### 3.      Premium for Leased Workers

Premium for leased workers must be charged on the client policy issued under a PEO arrangement on a MCP basis. Premium will be determined on each client's policy based on the applicable classification, rates, payroll, and rating programs for each client for whom coverage is being requested and/or exposure exists as determined by the assigned carrier, with payment made by the PEO.

The PEO must provide a complete payroll record of the leased workers. If the payroll records of the leased workers are not provided, 100% of the full PEO arrangement fee must be established as the payroll of the leased workers. The premium must be charged on that amount as payroll. If research on a specific PEO arrangement discloses that a specific amount of the PEO arrangement fee represents payroll, such amount—if deemed reasonable in the discretion of the Plan Administrator—must be the payroll for the premium computation.[9]

36.     Following issuance of the Policies, Riverport and Berkley Risk learned that Defendants' operations actually fall under the definition of a PEO, as set forth in WCIP Rules that govern each WCIP in Tennessee, Arkansas, Iowa and Indiana.

37.     Despite its operations as a PEO, the terms of its contracts and actual relationships with its clients, and the WCIP Rules set forth above, CountryWide Payroll & HR Solutions, Inc. improperly applied for Assigned Risk Workers Compensation insurance coverage under the Policies on a non-MCP basis, materially misrepresenting that it provided temporary labor services, that it was not seeking cover to leased workers, and that employees were not leased employees from Countrywide to its clients, as well as failing to identify all of its clients.

---

[9] See Exhibit B., p. 4; See also Exhibit A., pp. 72-73 with respect to Premium for Leased Workers.

38.     During investigations of claims under the Policies, Riverport and Berkley Risk learned of the identities of several of Defendants' clients only after workers compensation claims had occurred and been reported.  Riverport and Berkley Risk also discovered that Defendants' clients and the injured workers were providing conflicting information regarding the injured workers' employment status and employment relation to Defendants.   For example, a number of the injured workers stated that they have never heard of Countrywide Payroll & HR Solutions, Inc. and they denied being employed by it.  The misrepresentations by Defendants and their failures to properly submit applications for coverage on a MCP basis and identify all of their clients have resulted in materially increased risk of loss, as well as insufficient premiums being collected for the Policies.

39.     Despite the facts above, Defendants asserted that they are not operating as a PEO in any state.  Riverport disagreed, and asserted that Defendants' operations fall under the definition of PEO as utilized by each WCIP, and therefore, they must obtain policies according to the MCP framework required by each WCIP.

40.     On April 21, 2015, Riverport, by and through Berkley Risk**,** sent a disposition letter to Countrywide Payroll & HR Solutions, Inc. at its Tennessee address advising that it was operating as a PEO.  Countrywide Payroll & HR Solutions, Inc. was advised that it must follow the required MCP framework, which mandates that each client of Defendants must have their own standard policy covering the leased workers and each policy must be issued in the name and FEIN of the client.  Countrywide Payroll & HR Solutions, Inc. was further advised that the Policies would be cancelled on the following dates:

| Policy | Cancellation Date |
|---|---|
| Policy No. WC-03-86-009244-01 (Ark. WCIP) | 6-29-15 |
| Policy No. WC-13-88-007532-01 (Ind. WCIP) | 5-26-15 |
| Policy No. WC-14-89-004436-01 (Iowa WCIP) | 5-26-15 |
| Policy No. WC-41-92-029353-01 (Tenn. WCIP) | 5-11-15 |

The Policies have been properly cancelled as of the dates set forth above.

41.     Defendants responded to the April 21, 2015 disposition letter by stating that they would obtain replacement workers compensation coverage elsewhere.

## COUNT ONE
### (Declaration of Rights)

42.     Riverport incorporates by reference as if fully rewritten herein the allegations of paragraphs 1 through 41 above, of this Complaint.

42.     An actual, current dispute exists between Riverport and Defendants concerning the issuance of workers compensation insurance policies by Riverport and Defendants' status as PEO in accordance with WCIP Rules.

43.     Riverport seeks a declaration that Defendants are in fact operating as PEO's and accordingly, the Policies were properly cancelled.

44.     Riverport seeks a declaration that because Defendants are operating as PEO's, Defendants must follow the WCIP Rules as set forth above, and must obtain coverage on a MCP basis.

## COUNT TWO
### (Breach of Contract)

45.     Riverport incorporates by reference as if fully rewritten herein the allegations of paragraphs 1 through 44 above.

46.     Riverport issued the Policies in reliance upon the representations made by Countywide Payroll & HR Solutions, Inc. in insurance applications.

47.     Countrywide Payroll & HR Solutions, Inc. made material misrepresentations in applications for the Policies, allowing Defendants to improperly obtain the issuance of the Policies on a non-MCP basis, and the matters represented materially increased the risk of loss. Countrywide Payroll & HR Solutions, Inc. also failed to identify all of its clients.

48.     As a result of its misrepresentations, actions and omissions, Countrywide Payroll & HR Solutions, Inc. is in breach of contract and Riverport is entitled to damages in an amount to be determined at trial in excess of $75,000.

## COUNT TWO
### (Rescission)

49.     Riverport incorporates by reference as if fully rewritten herein the allegations of paragraphs 1 through 48 above, of this Complaint.

50.     Riverport issued the Policies in reliance upon the representations made by Countywide Payroll & HR Solutions, Inc. in insurance applications.

51.     Countrywide Payroll & HR Solutions, Inc. made material misrepresentations in applications for the Policies, and the matters represented increased the risk of loss.

52. As a result of its misrepresentations, Riverport is entitled to rescission of the Policies and a finding that they are void *in abnitio* pursuant to T.C.A. §56-7-103 and all other applicable law.

**WHEREFORE**, Riverport demands judgment in its favor and against Defendants as follows:

1. That the Court adjudicate and declare the rights, duties, obligations and other legal relationships of Riverport and Defendants with reference to the Policies, and issue an Order declaring:

   a. Defendants are operating as PEO's.

   b. The Policies were properly cancelled by Riverport.

   c. Defendants must follow the WCIP Rules and must obtain coverage on a MCP basis;

2. That the Court award damages to Riverport, in an amount to be determined at trial;

3. That the Court rescind the Policies and find that they are void *in abnitio* pursuant to T.C.A. §56-7-103 and all other applicable law;

4. That the Court award to Riverport its costs, attorneys' fees and expenses; and

5. That the Court award to Riverport all other and further relief, either at law or in equity, to which Riverport is entitled.

Respectfully submitted,

s/ Scott R. Brown
Scott R. Brown (BPR # 033155)
FROST BROWN TODD LLC
150 3rd Ave South, Suite 1900
Nashville, Tennessee 37201
(615) 251-5581 (telephone)
(615) 251-5551 (facsimile)
srbrown@fbtlaw.com
*Trial Attorney for Plaintiff Riverport*
*Insurance Company*

0119409.0627335   4819-3253-3285v1